Dear Mr. Duplantis:
This office is in receipt of your request for an opinion of the Attorney General as attorney for the St. Mary Parish Sheriff's Office in regard to payment of the expense of utilities for a sub-station office for the Sheriff's Department in Morgan City. You indicate this office has been maintained for several years to serve the eastern portion of the parish. Initially the building and utilities were provided by the St. Mary Parish Council pursuant to an inter-governmental arrangement, and when this arrangement ended, the Sheriff purchased a building to house this sub-station. The Sheriff has requested that the Parish council pay the utility bills for the sub-station, but they take the position they are not required to provide the cost of utilities for such a sub-station. Accordingly, you ask whether the St. Mary Parish Council is required to provide the utilities pursuant to R.S. 33:4713.
R.S. 33:4713 provides as follows:
 Each parish shall provide and bear the expense of a suitable building and requisite furniture for the sitting of the district court and circuit courts and such offices, furniture and equipment as may be needed by the clerks and recorders of the parish for the proper conduct of their offices and shall provide such other offices as may be needed by the sheriffs of these courts and by the tax collectors and assessors of the parish and shall provide necessary heat and illumination therefor. (Emphasis added.)
 The costs of such furniture, equipment, supplies and maps, as may be needed by the tax collector and assessors of each parish shall be borne proportionately by all tax recipient bodies in the parish in the proportion of the amount received from such tax monies by each recipient body in the parish.
With reliance upon R.S. 33:1461 this office stated in Atty. Gen. Op. No. 79-1333 that the sheriff could establish a sub-station without the consent of the governing body. This office's recognition of the right to open sub-offices for the performance of the duties of the parish officials was reaffirmed in Atty. Gen. Op. Nos. 98-156, 96-325.
These conclusions are consistent with R.S. 33:1461 which authorizes the sheriff to open and maintain sub-offices as in his judgment is required, and R.S. 33:1422 which authorizes the purchase of necessary real property with ownership in the law enforcement district.
We find it pertinent that in response to a question from the Sheriff as to whether he could pay for the expense of installing a suitable lighting system in his office, this office concluded that the expense of such improvements could not be charged to the Sheriff's Salary Fund as the fund would not cover this item of expense, but found the Legislature had provided that such improvements, if necessary, shall be paid by the police jury, citing Act 180 of 1932 (R.S. 33:4713). Atty. Gen. Op. 1936-38. pg. 905.
This office again relied upon R.S. 33:4713 in Atty. Gen. Op. 97-262 when asked what were the responsibilities of the police jury in providing office furnishing and equipment for parish offices. In response it was observed that pursuant to this statute, the police jury is mandated to provide "offices and heat and illumination for the sheriffs, tax collector and assessor".
Accordingly, having found that the sheriff has authority to open a substation, and the mandate of the governing authority to provide "heat and illumination", we must conclude that the Parish Council is required to provide the utilities for such a sub-station.
Moreover, this office has stated if the parish officer demonstrates his need and the police jury refuses, the parish officer may institute legal action to require them to fulfill their obligation under R.S. 33:4713. Atty. Gen. Op. Nos. 97-262, 88-364.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
By:
 BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Mr. Eric P. Duplantis, Esq. Attorney at Law P.O. Box 238 Franklin, LA 70538
Date Received: Jan. 18, 2000 Date Released: March 13, 2000
BARBARA B. RUTLEDGE Assistant Attorney General